**JOHN L. RUNFT (ISB # 1059)**
**JON M. STEELE (ISB # 1911)**
**RUNFT & STEELE LAW OFFICES, PLLC**
1020 W. Main Street, Suite 400
Boise, Idaho 83702
Phone: (208) 333-8506
Fax: (208) 343-3246
Email: jlrunft@runftlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| HON. JOHN H. BRADBURY, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **INJUNCTIVE AND DECLARATORY** |
| CHIEF JUSTICE DANIEL T. EISMANN, | ) | **RELIEF** |
| an individual; JUSTICE ROGER S. | ) | |
| BURDICK, an individual; JUSTICE JIM | ) | |
| JONES, an individual; JUSTICE WARREN | ) | |
| E. JONES, an individual; and JUSTICE | ) | |
| WAYNE L. KIDWELL, an individual; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff and for causes of action against the Defendants, and each of

them, complains and alleges as follows:

## INTRODUCTION

This is an action for injunctive and declaratory relief pursuant 42 USC § 1983 and 28

USC § 2201 against the above named individuals in their respective individual capacities for

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 1

their actions in concert under the color of state law in violation of Plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## PARTIES

1.      Plaintiff is a resident of the city of Grangeville, Idaho County, State of Idaho, and is, and has been at all times pertinent to this matter, a district judge in the second judicial district of the State of Idaho.

2.      Upon information and belief, Defendant Daniel T. Eismann is a resident of the city of Boise, Ada County, Idaho, and is, and has been at all times pertinent to this matter, a Justice of the Idaho Supreme Court.  Justice Eismann is, and at all times relevant to this matter has been, Chief Justice of the Idaho Supreme Court and Chairman of the Idaho Judicial Council ("Judicial Council").

3.      Upon information and belief, Defendant Roger S. Burdick is a resident of the city of Boise, Ada County, Idaho, and is, and has been at all times pertinent to this matter, a Justice of the Idaho Supreme Court.

4.      Upon information and belief, Defendant Jim Jones is a resident of the city of Boise, Ada County, Idaho, and is, and has been at all times pertinent to this matter, a Justice of the Idaho Supreme Court.

5.      Upon information and belief, Defendant Warren E. Jones is a resident of the city of Boise, Ada County, Idaho, and is, and has been at all times pertinent to this matter, a Justice of the Idaho Supreme Court.

6.      Upon information and belief, Defendant Wayne L. Kidwell is a resident of the city of Boise, Ada County, Idaho, and is serving *ProTempore* as a Justice of the Idaho Supreme Court in this matter.

7.      Upon information and belief, throughout the events described below, Defendants acted under the color of state law

8.      Upon information and belief, throughout the events described below, Defendants acted in concert under the color of state law.

9.      Upon information and belief, throughout the events described below, Defendants acted in concert under the color of state law by taking actions that deprived Plaintiff of his constitutional right to due process.

## JURISDICTION AND VENUE

10.     This action asserts claims for violation of Plaintiff's constitutional rights in violation of the Fifth and Fourteenth Amendments to the United States Constitution and seeks relief pursuant to 42 USC § 1983 and 28 USC § 2201.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.  All parties reside within the federal district of Idaho.

## GENERAL ALLEGATIONS

11.     In 2002 John Bradbury was elected as a district judge for the Second Judicial District for the state of Idaho with resident chambers established in Idaho County (Grangeville) pursuant to Idaho Code § 1-803(3)(c) and continues to so serve as district judge.

12.     Regarding his background, Judge Bradbury was born in Orofino, Idaho on August 7, 1936.  His earlier background and education includes receiving his Bachelor of Arts from the

University of Idaho and later a law degree from the University of Michigan.  Following law school, he served three years in the United States Army Intelligence Corps, mostly in Korea. After his military service, Judge Bradbury practiced law in the State of Washington and in the State of Alaska engaging in an extensive practice in maritime law, including international complex litigation.  He founded a law firm in Anchorage, Alaska, specializing in maritime law, which developed into a 35 man law firm with offices in Anchorage, Juneau, and Seattle.  As the result of health problems, he resigned my partnership and in 1989, and settled in Idaho County, where he began practicing as a sole practitioner and managing a cattle ranch.  While living in Idaho County, he became involved in community activities, including, for example, serving on the Clearwater Valley Hospital Foundation and the Idaho County Soil and Water Conservation District.

13.     At the time he was elected as district Judge in 2002, Judge Bradbury took steps to comply with the provision of Idaho Code § 1-809, which provides that "District Judges shall actually reside at the place designated as resident chambers."  He bought a home in Grangeville within walking distance of the Idaho County courthouse.  He had the house renovated and has made substantial improvements on the home.  He changed his home owner's exemption from his house in Lewiston to the one in Grangeville and registered to vote in Idaho County, where he has voted ever since.

14.     As judge for the Second Judicial District, Judge Bradbury's judicial duties include providing services to three counties (Clearwater, Idaho, and Lewis), including presiding in drug and mental health courts.  He also acts as a conflicts judge in Latah County.  When Judge Bradbury was first elected, court was held primarily in Idaho County, with limited service in Lewis and Clearwater Counties.  In order to better serve the citizens of his district, Judge

Bradbury began to hold court on a weekly basis in all three counties.  It quickly became apparent that his workload in Clearwater County was far exceeding his workload in Idaho and Lewis Counties.  Additionally, Judge Bradbury's service as a conflicts judge in Latah County increased demands on his time.   These work requirements placed unique travel burdens on Judge Bradbury.   Typically, Judge Bradbury has to commute two or three days a week from Grangeville to Orofino and more often than that, if he has a trial.  Travelling from Grangeville to Orofino requires anywhere from six hours for a two day trial, to fifteen hours for a five day trial.  Travelling from Lewiston to Orofino under similar circumstances would take half that time.

15.     When he was elected, Judge Bradbury had no basis to know what the workloads would be in the three counties he was elected to serve: Clearwater, Idaho and Lewis.  All he knew was that in the three prior years, there had been only three jury trials: two DUIs in Idaho County and one DUI in Clearwater County.  Because Idaho County has twice the population of Clearwater County, he fully expected most of his work to be in Idaho County.  That expectation turned out to be widely off the mark.

16.     One of Idaho's maximum security prisons is in Clearwater County.  All petitions for writs of habeas corpus must be filed in the county where the prison is located.  The civil rights complaints under 42 USC § 1983 are also filed in the same county.  Those cases, together with an able and aggressive sheriff's department, resulted in almost twice as many trials in Clearwater County than in Idaho County.

17.     Unless there is an actual trial, seldom is there half a day's work a week in Idaho County.   In contrast, Judge Bradbury spends a minimum of two days a week in Clearwater County and often three days just to stay current with his workload there.  He averages about ten trials a year.  During the calendar year of 2008 there were one hundred and twenty (120) felony

charges filed in Clearwater County, twenty (20) were filed in Lewis County and nineteen (19) were filed in Idaho County.

18.     There are currently sixteen (16) participants in the Orofino mental health court and the same number in the drug court.  There are eight (8) participants in both the Lewis and Idaho County drug courts.  To his knowledge, Judge Bradbury is the only district judge in Idaho who operates more than one specialty court.

19.     When there are trials in Idaho County Judge Bradbury stays at his Grangeville home; he sleeps eats, and lives there.  He is in his Grangeville home every week and stays overnight there.  When he is working in Clearwater County, he commutes from his Lewiston home.  The reason is simple: it's a three hour round trip between Grangeville and Orofino.  A round trip between Lewiston and Orofino is only an hour and twenty minutes.  During the winter the time disparity is much greater because of the heavy, drifting snow on the prairie road between Grangeville and Orofino compared to the relative lack of snow on the river road between Lewiston and Orofino.

20.     In an effort to reduce the commuting time even more, Judge Bradbury asked the Idaho Judicial Conference to recommend amending the residency statute to allow the judge to reside in any one of the three counties he serves.  If he could reside in Clearwater County it would reduce his commuting time to about a half hour.

21.     For three successive years (2006, 2007, and 2008), the seven administrative judges that comprise the judicial conference unanimously voted to recommend that the Supreme Court sponsor the residency amendment.  Each year the Idaho Supreme Court rejected the recommendation without providing Judge Bradbury a hearing or revealing a reason for its decision.  The Court took that action despite the unanimous support of the county commissioners

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 6

of Lewis and Clearwater Counties and the non-opposition of the Idaho County commissioners.

22.     It is in this context that the dispute between the Idaho Judicial Council and Judge Bradbury developed.  On May 2, 2006, the Judicial Council notified Judge Bradbury that it would conduct an initial inquiry "on its own motion" about "whether you actually reside in Idaho County as required by statute."  Runft Stmt., Exh 22, p.170.

23.     On May 4, 2006, Judge Bradbury replied that he owned a home in Grangeville and one in Lewiston, that he voted in Idaho County and that he had his home owner's exemption on his Grangeville home. He advised, "At which home I stay depends on where my work is. Currently, most of my work is in Clearwater County."  Runft Stmt., Exh. 22, p. 171.

24.     During the annual district judges conference in January of 2007, then District Judge Randy Smith, who was also a member of the Judicial Council, told Judge Bradbury that based on his response to the Judicial Council's inquiry, the file had been closed.  Judge Smith acknowledged that there was a complainant but that he was not free to identify the person.  He did tell Judge Bradbury that it was not the person he had surmised.  Based on this conversation, Judge Bradbury assumed the Judicial Council agreed with his effort to reconcile his statutory residency requirement and his constitutional duties as judge.

25.     At Judge Bradbury's request, on April 18, 2007, the Judicial Council executive director, Robert Hamlin, confirmed by letter that "This is a follow up to our telephone conversation and your meeting with District Judge Randy Smith.  The Judicial Council has reviewed your response to its request for information and is closing its file on the matter.  Thank you very much for your prompt response to the Judicial Council's request for information." Runft Stmt., Exh.22, p. 172.

26.     Approximately six months later, by letter dated September 12, 2007, the Judicial

Council notified Judge Bradbury that "based on additional information and inquiries" it would conduct a preliminary investigation into whether he actually resided in Idaho County.  Runft Stmt., Exh. 22, pp. 173-174.  As part of said preliminary investigation, on October 31, 2007, the Judicial Council executive director interviewed Judge Bradbury, who reiterated in detail what he had earlier told the Judicial Council in response to its first inquiry.

27.     In said interview, Judge Bradbury explained the difference in workloads in the respective counties and that he could not commute a minimum of six to nine hours a week between Grangeville and Orofino and do his job.  He expressly asked the executive director to identify the accuser and was told that such information would be disclosed, if formal charges were brought.

28.     By letter dated January 22, 2008, the Judicial Council advised Judge Bradbury that based on its Preliminary Investigation it had "determined that there appears to be substantial evidence that you do not 'actually reside' in Idaho County."  It informed Judge Bradbury that if he did not "demonstrate with objective, demonstrable evidence that you actually reside in Idaho County" the Judicial Council would bring formal charges.  Runft Stmt., Exh. 22, pp. 175-176. This time Judge Bradbury did not respond, because the Judicial Council did not define what would qualify as actually residing in Idaho County, and he was unable to demonstrate compliance with the unarticulated standards of what constituted "actual" residence demanded by the Judicial Council.

29.     Robert Hamlin, the Executive Director of the Judicial Council, ended the letter of January 22, 2008, by assuring Judge Bradbury as follows:  "The members of the Judicial Council asked me to assure you that they have not made an actual determination of the facts of this matter and will do so only after a formal hearing on the matter."

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 8

30.    On July 22, 2008, the Judicial Council filed formal charges against Judge Bradbury.  It alleged that he "did willfully fail and refuse to actually reside at the place designated as his resident chambers" and that he submitted "travel expense vouchers to the Administrative Office of the Courts purporting to reflect travel to and from Grangeville when in fact that travel never occurred."  The Notice of Charges did not specifically define what constituted "actually reside" or in what respects Judge Bradbury was derelict in meeting the standards that would constitute compliance.  Runft Stmt., Exh.22, pp. 159-161.

31.    To this date, the Judicial Council still has not stated what frequency and duration is sufficient to "actually reside" in one's home.

32.    Idaho Code § 1-2103 sets forth four grounds on which a judge may be disciplined by the Judicial Council.  The Notice of Charges did not allege a single statutory ground as their basis for pursuing action against him.  Instead, it charged Judge Bradbury with violating the Idaho Judicial Code, an action not empowered in the statute that created the Judicial Council and defines its authority.  Despite being represented by a former prosecutor, the Judicial Council has never explained its authority to charge Judge Bradbury as it did.

33.    The source and reason for the travel voucher allegations were a complete surprise to Judge Bradbury.  He had never been informed there was a problem.  The Judicial Council's own rules require the Judicial Council to conduct an initial inquiry and a preliminary investigation before it can file formal charges against a judge. Judicial Council Rule 28.  In each instance the rules require the Council to notify the judge and provide an opportunity to respond. The executive director admitted at the hearing on December 17th, 2008, that the Council had not complied with its own rules. Runft Stmt., Exh. 23, pp. 88.

34.    If the Judicial Council had sought a previous response to its concerns about

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 9

vouchers, it would have learned that Judge Bradbury had instructed his court clerk to use whichever mileage was less when traveling to Orofino and Nez Perce from either Lewiston or Grangeville.  The clerk, Mrs. Johnson, testified that she calculated that this system had saved the state more than $18,000 over a period of five and a half years.  Runft Stmt., Exh. 23, pp. 57-58

35.     By letter, from Corrie Keller, dated April 15, 2009, the Administrative Office of the Courts has refused to reimburse Judge Bradbury for his mileage unless it originates and terminates at Grangeville. Runft Stmt., Exh. 25.  This marks the very first time in the history of the court at Grangeville that the travel expense statute requirement has been interpreted this way. *See* Affidavit of David Howell.  Runft Stmt., Exh. 24.

36.     On September 2, 2008, Judge Bradbury served the Judicial Council with Interrogatories and Requests for Production of Documents requesting (1) a copy of all Judicial Council minutes that refer to Judge Bradbury; (2) the verified complaint that led to the preliminary investigation; (3) all other verified statements filed against Judge Bradbury; (4) all documents received by or generated by the Judicial Council in connection with any of the verified statements; and (5) all written communication between the Executive Director and the Council Members regarding the investigation of judge Bradbury.  Judicial Council Rule 22(b) incorporates the discovery provisions of the Idaho Civil Rules, thereby requiring the Council to answer or object to discovery requests within thirty (30) days.  Runft Stmt., Exh 22, pp. 190-196.

37.     On November 11, 2008, seventy (70) days after the discovery requests were served, the Judicial Council responded to the requests by stating: "Objection is hereby made to this request on the grounds that the material requested is confidential and not subject to disclosure under the rules of the Judicial Council." Runft Stmt., Exh 22, pp. 190-196.  The Response did not identify the rules on which it relied for its objection and refusal to disclose the

information sought. It did not deny the documents existed. It did not claim the documents were relevant. It did not claim the documents were privileged.

38.     Meanwhile, frustrated by being stonewalled and his inability to gain access to the factual and legal basis of the charges, Judge Bradbury, through his counsel Mr. McNichols, suggested mediation with the Judicial Council in an attempt to reconcile whatever its view of residence turned out to be and Judge Bradbury's duty to fully and professionally serve the three counties he was elected to serve.

39.     By letter dated October 7, 2008, the Judicial Council responded through its attorney/Special Examiner, Mr. Roark, to the suggestion for mediation.  The response revealed an alarming and pronounced bias against Judge Bradbury.  It stated: "The Council feels strongly that Judge Bradbury's refusal to obey the relevant statute, even after being warned by the Executive Director of the need to do so, cannot be mediated away as if it never occurred."  Runft Stmt., Exh.22, p. 177.  This statement that the Council had, in effect, decided the merits of the case by October 7, 2008, prior to the hearing on December 17, 2008, is not some mere incidental comment by Mr. Roark regarding the Council's mood.  Council Director Robert Hamlin testified at the hearing on December 17, 2008 that the members of the Judicial Council "did see the letter prior to its being sent" and agreed with what it said.  Runft Stmt., Exh. 23, p. 84.

40.     The letter of October 7, 2008, further advised that the Judicial Council would only mediate sanctions if Judge Bradbury agree he violated the statute and agree "to immediately take up full-time residence in Idaho County."  Yet, when testifying at the hearing about the October 7, 2008 letter, Mr. Hamlin admitted that neither he nor the Judicial Council ever took any action to determine, or ever informed Judge Bradbury, that the statutory requirement of "actually resides" means "full time residence."  Runft Stmt., Exh. 23, pp.83-85

41.     To understand the factual extent of the intentional non-compliance by the Judicial Council in once again ignoring its organic statute and its own rules, the following background is necessary. The Judicial Council's web page has a Frequently Asked Questions section.  Runft Stmt., Exh. 22, p. 128.  Question 5 asks, "Is my complaint confidential?" The Judicial Council's answer: "Yes. By statute, complaints and the identity of the complainants are confidential.  If the Judicial Council conducts a preliminary investigation, the judge will receive a copy of your complaint.  When a Judicial Council recommendation is filed with the Supreme Court, it becomes a public document which can be reviewed in the Supreme Court Clerk's office." *Id.*

42.     Idaho Code § 1-2103 states, "All papers shall be subject to the disclosure according to Chapter 3, Title 9, Idaho Code," which is the Idaho Public Records Act.  It is true that ICAR Rule 32(g)(25) makes all records and proceedings of the Judicial Council confidential, but it does not state they are confidential as to the parties involved.  In fact ICAR Rule 32(c) specifically permits access to records by "Parties to an action and their attorneys."  And, except for this case, that has been the Judicial Council's past practice.

43.     For example, on December 9, 2004, in a letter to Judge Bradbury captioned "Re: Complaint of Rich Bellon" the executive director of the Judicial Council wrote, "Enclosed is a copy of the complaint filed by Rich Bellon.  The Judicial Council has asked Judge Bradbury to conduct an initial inquiry regarding paragraph 22 of (Mr. Bellon's) complaint which provides as follows:…." Judge Bradbury responded and the file was closed.  Runft Stmt., Exh. 22, pp. 168-169.

44.     Likewise, on March 18, 2008, the executive director wrote to Judge Bradbury a letter captioned "Re: Complaint of Merrily Munther" in which he said, "Enclosed is a complaint filed by Merrily Munther. The Judicial Council has instructed me to conduct an initial inquiry

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 12

into her complaint I would appreciate it if you would review the complaint and provide me with any comments you might have." Judge Bradbury responded and the file was closed.

45.    Based on the foregoing, on December 5, 2008, Judge Bradbury moved the Judicial Council to continue the hearing on the charges and to order the production of the requested documents.  Runft Stmt., Exh.22, pp. 178-194   The Judicial Council peremptorily denied the motion on December 10, 2008, giving no reasons for its decision, Runft Stmt., Exh. 22, pp. 213-214.

46.    During the Hearing before the Judicial Council on December 17, 2008, executive director of the Idaho Judicial Council Robert G. Hamlin testified that "no complaint was ever filed" against Judge Bradbury in this proceeding, that the Judicial Council commenced these proceedings "on its own motion," that the report of this action by the Judicial Council would be set forth in its minutes, and that "they would show who made the motion."  Runft Stmt., Exh. 23, p. 69.  The minutes were deemed confidential by the Judicial Council and were not disclosed. *Id*. From this testimony it is clear that the motion to bring the charges against Judge Bradbury could have conceivably been made by any member of the judicial council, including its Chairman, Justice Eismann, who now sits on the Idaho Supreme Court panel that is adjudicating the recommendations made by the Judicial Council.

47.    Following the December 17, 2008 hearing, on February 25, 2009, the Judicial Council entered its Findings of Fact, Conclusions of Law, and Recommendations to the Idaho Supreme Court (Runft Stmt., Exh. 22, pp. 216-220), and denied Judge Bradbury's Motion to Dismiss and Motion for Reconsideration of Motion to Continue and to order production of documents.  Runft Stmt,. Exh 22, pp. 221-222.  The Judicial Council concluded that "District Judge H. Bradbury does not actually reside in Idaho."  It recommended that he "be immediately

suspended from serving as a District Judge until such time as he actually resides in Idaho County." Further, the Judicial Council recommended that "if District Judge John H. Bradbury actually resides in Idaho County, that he be required to submit monthly affidavits to the Supreme Court certifying that he actually resides in Idaho County." In its Recommendations, the Judicial Council still did not define what "actually reside" meant or give any guidance as to what criteria or standards must be met to constitute actual residence.

48.     The Council also concluded that Judge Bradbury's failure to actually reside in Idaho County was willful and therefore a violation of the Idaho Code of Judicial Conduct (for which he was never charged) and thereby pursuant to Idaho Code § 1-2103 constitutes misconduct in office. The Council dropped the travel voucher charges, apparently unable to convince even itself that saving the Idaho taxpayers thousands of travel dollars was dishonest.

49.     On February 25, 2009, the Findings of Fact, Conclusions of Law, and Recommendations of the Judicial Council were filed in the Idaho Supreme Court as Docket No. 36175-2009. Runft Stmt., Exh. 1.

50.     On March 26, 2009, Judge Bradbury, as "Respondent" in case No. 36175-2009, filed in the Idaho Supreme Court a Verified Petition for Review of Judicial Council Recommendations challenging said Recommendations on jurisdictional, procedural, and constitutional due process grounds. Runft Stmt., Exh.19. The Judicial Council filed its Response on April 9, 2009 (Runft Stmt., Exh. 18), and Judge Bradbury filed his reply brief on May 5, 2009. Runft Stmt., Exh. 14

51.     Idaho Supreme Court Justice Horton, whom Judge Bradbury challenged as a candidate in the last judicial election, recused himself in this matter. Retired Supreme Court Justice Wayne L. Kidwell was appointed as *Pro Tempore* Justice in this case.

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 14

52.     Idaho Supreme Court Chief Justice Daniel T. Eismann, who, as Chairman of the Judicial Council, had presided over and participated in, all aspects of the Council proceedings in this matter, except the hearing itself.  Chief Justice Eismann did not recuse himself in this matter when it came on before the Idaho Supreme Court, and has participated with the other members of the Supreme Court Panel in all aspects of this case before the Idaho Supreme Court.  Runft Stmt., Exhs. 1 and 2.

53.     On April 29, 2009, Judge Bradbury filed in the Idaho Supreme Court a Motion for Order Requiring Idaho Judicial Council to Produce Documents supported by the Affidavit of Michael E. McNichols.  Runft Stmt., Exhs. 16 and 17.   The motion sought to compel the Judicial Council to grant access to the complaint (if any) as well as, facts and standards and related documentary evidence relied on by the Judicial Council in making its 02-25-09 Findings of Fact, Conclusions of Law, and Recommendations.

54.     On May 4, 2009, the Idaho Supreme Court issued an Order that the Idaho Judicial Council respond to Judge Bradbury's motion for production of documents within 14 days.  Runft Stmt., Exh. 15.

55.     The Judicial Council filed its Response on May 11, 2009 (Runft Stmt., Exh. 13); Judge Bradbury filed his Reply on May 19, 2009,(Runft Stmt., Exh. 12), and on May 28, 2009, the Idaho Supreme Court entered an Order denying without comment Judge Bradbury's Motion for Order Requiring Idaho Judicial Council to Produce Documents and set oral argument on the merits for June 19, 2009.  Runft Stmt., Exh. 11.

56.     On June 11, 2009, the Idaho Supreme Court issued an order vacating and continuing oral argument in this matter.  Runft Stmt,. Exhs. 1 and 6.

57.     On June 18, 2009, Judge Bradbury filed a Petition for Extraordinary

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 15

Relief/Motion for Reconsideration of the motion to require the Judicial Council to produce documents on due process grounds, citing the lack of any reasonable grounds articulated by the Judicial Council in refusing to disclose the requested documentation and the lack of any cognizable factual standards to ascertain the meaning of "actually" reside.  Runft Stmt., Exhs. 7 and 8.

58.     On June 19, 2009, the Idaho Supreme Court issued an order setting oral argument on the merits for July 22, 2009. Runft Stmt., Exh. 6.

59.     On June 25, 2009, the Idaho Judicial Council filed its Response to Judge Bradbury's Petition for Extraordinary Relief/Motion for Reconsideration (Runft Stmt., Exh. 5); on July 2, 2009, Judge Bradbury filed a Reply (Runft Stmt., Exh. 4); and on July 9, 2009 the Idaho Supreme Court issued an Order denying Judge Bradbury's Petition for Extraordinary Relief/Motion for Reconsideration, with the conclusion that "the determination of residency will be made on the existing record, not upon any evidence sought to be discovered by Respondent."

60.     Because there now exists no impartial state appellate forum to which Judge Bradbury has recourse to protect his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and because his said due process rights are in imminent danger of further and irreparable violation and damage, he seeks relief through this petition before this court pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## COUNT I

61.     Plaintiff restates and re-alleges the preceding paragraphs and incorporates them herein by reference as though fully set forth.

62.     Justice Eismann's continual functioning throughout this matter (Judicial Council No. 2007-99 and Supreme Court Docket No. 36175-2009), without recusal, in his position as Chairman and presiding officer of the Judicial Council and Chief Justice of the Idaho Supreme Court, where (1) the Judicial Council brought and investigated charges against Judge Bradbury that he does not "actually reside" at his "resident chambers," (2) the Judicial Council refused to disclosure to Judge Bradbury the witnesses, charging facts including the facts and standards relied on by the Judicial Council to determine "actual" residence," and related documents necessary to enable Judge Bradbury to mount a defense to the charges against him, (3) the Judicial Council has recommended that Judge Bradbury be "immediately suspended from serving as District Judge," (4) the Idaho Supreme Court has refused to order the Judicial Council to make said disclosures, and (5) the Idaho Supreme Court is scheduled to adjudicate and rule on the recommendation for dismissal, inherently creates a conflict and/or bias in violation of the objective constitutional standards of due process which Judge Bradbury is entitled to rely on, exclusive of any claim of subjective or actual bias.

63.     Said objective standards of due process contained in Section 3(b)(1)(7) and Section 3(e) of the Idaho Judicial Code have also been thus transgressed.

64.     Said violation of the objective standards of due process has deprived Judge Bradbury of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution now and in future proceedings in the subject matter before the Idaho Supreme Court.

65.     Said due process violation is continuing and prospective.

66.     Judge Bradbury's due process rights remain in imminent jeopardy in the face of a dispositive hearing on the merits before the Idaho Supreme Court scheduled for July 22, 2009, to

adjudicate the Recommendations of the Judicial Council, in which hearing "the determination of residency will be made on the existing public record, not upon any evidence sought to be discovered by Respondent," per the 07-09-09 order of the Idaho Supreme Court.

67.     Pursuant to 42 USC § 1983 and 28 USC § 2201, Judge Bradbury is entitled to the injunctive and declaratory relief hereinafter pled.

## COUNT II

68.     Plaintiff restates and re-alleges the preceding paragraphs and incorporates them herein by reference as though fully set forth

69.     Justice Eismann's continued functioning and involvement in this matter at the Supreme Court level, including participating in the Court's decision to uphold the Judicial Council's refusal to disclose to Judge Bradbury the witnesses, charging facts including the facts and standards relied on by the Judicial Council to determine "actual" residence," and related documents necessary to enable Judge Bradbury to mount a defense to the charges against him, has effectively implicated the entire Idaho Supreme Court Panel, i.e. all of the Defendants,  in the resulting conflict and/or bias in violation of the objective constitutional standards of due process which Judge Bradbury is entitled to rely on, exclusive of any claim of subjective or actual bias.

70.     The subject transgression of the objective standards of due process by the Idaho Supreme Court in this matter has resulted in the violation of Judge Bradbury's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

71.     Said due process violation is continuing and prospective.

72.     Judge Bradbury's due process rights remain in imminent jeopardy in the face of a dispositive hearing on the merits before the Idaho Supreme Court scheduled for July 22, 2009, to

adjudicate the Recommendations of the Judicial Council, in which hearing "the determination of residency will be made on the existing public record, not upon any evidence sought to be discovered by Respondent," per the 07-09-09 order of the Idaho Supreme Court.

73.     Pursuant to 42 USC § 1983 and 28 USC § 2201, Judge Bradbury is entitled to the injunctive and declaratory relief hereinafter pled.

**COUNT III**

74.     Plaintiff restates and re-alleges the preceding paragraphs and incorporates them herein by reference as though fully set forth.

75.     The 05-28-09 Order of the Idaho Supreme Court's denying Judge Bradbury's Motion for an Order Requiring Idaho Judicial Council to Produce Documents, and the Court's 07-09-09 Order denying Judge Bradbury's Petition for Extraordinary Relief and Motion for Reconsideration of said 05-28-09 Order, effectively affirmed the Judicial Council's previous denial of Judge Bradbury's Motion for Order Requiring Production of Documents and thereby deprived Judge Bradbury of access to the complaint (if any), facts and standards and related documentary evidence relied on by the Judicial Council in making its 02-25-09 Findings of Fact, Conclusions of Law, and Recommendations.

76.     Said Orders of the Idaho Supreme Court entered on 05-28-09 and on 07-09-09 violated Judge Bradbury' right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

77.     Said due process violation is continuing and prospective.

78.     Judge Bradbury's due process rights remain in imminent jeopardy in the face of a dispositive hearing on the merits before the Idaho Supreme Court scheduled for July 22, 2009, to

adjudicate the Recommendations of the Judicial Council, in which hearing "the determination of residency will be made on the existing public record, not upon any evidence sought to be discovered by Respondent," per the 07-09-09 order of the Idaho Supreme Court.

79.    Pursuant to 42 USC § 1983 and 28 USC § 2201, Judge Bradbury is entitled to the injunctive and declaratory relief hereinafter pled.


**COUNT IV**

80.    Plaintiff restates and re-alleges the preceding paragraphs and incorporates them herein by reference as though fully set forth.

81.    Idaho Code § 1-809 is unconstitutionally vague on its face in that it fails to sufficiently define the term "actually reside" so as to enable a reasonable person to ascertain the criteria necessary to constitute actual residence in order to comply with said statute.

82.    The record of the Judicial Council and its Findings of Fact, Conclusions of Law and Recommendations are based on Idaho Code § 1-809 and thereby are constitutionally deficient and in violation of Judge Bradbury's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution now and in future proceedings in the subject matter before the Idaho Supreme Court.

83.    Said due process violation is continuing and prospective.

84.    Judge Bradbury's due process rights remain in imminent jeopardy in the face of a dispositive hearing on the merits before the Idaho Supreme Court scheduled for July 22, 2009, to adjudicate the Recommendations of the Judicial Council, in which hearing "the determination of residency will be made on the existing public record, not upon any evidence sought to be discovered by Respondent," per the 07-09-09 order of the Idaho Supreme Court.

85.     Pursuant to 42 USC § 1983 and 28 USC § 2201, Judge Bradbury is entitled to the injunctive and declaratory relief hereinafter pled.

## COUNT V

86.     Plaintiff restates and re-alleges the preceding paragraphs and incorporates them herein by reference as though fully set forth.

87.     The record of the Judicial Council and its Findings of Fact, Conclusions of Law and Recommendations are based on Idaho Code § 1-809, which requires that a judge "actually reside at the place designated as the resident chambers."

88.     Idaho Code § 1-809 is unconstitutionally vague as applied in subject case in that the Judicial Council has failed and refused (despite repeated requests) to sufficiently define the facts and standards relied on by the Judicial Council to determine what constitutes "actual residence," in terms of frequency, duration or in any other cognitive terms sufficient to enable a reasonable person to ascertain the criteria necessary to constitute actual residence in order to comply with said statute.

89.     In so applying Idaho Code § 1-809, in its Findings of Fact, Conclusions of Law and Recommendations, Judicial Council has violated Judge Bradbury's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution now and in future proceedings in the subject matter before the Idaho Supreme Court.

90.     Said due process violation is continuing and prospective.

91.     Judge Bradbury's due process rights remain in imminent jeopardy in the face of a dispositive hearing on the merits before the Idaho Supreme Court scheduled for July 22, 2009, to adjudicate the Recommendations of the Judicial Council, in which hearing "the determination of

residency will be made on the existing public record, not upon any evidence sought to be discovered by Respondent," per the 07-09-09 order of the Idaho Supreme Court.

92.     Pursuant to 42 USC § 1983 and 28 USC § 2201, Judge Bradbury is entitled to the injunctive and declaratory relief hereinafter pled.

**ATTORNEY FEES**

93.     Plaintiff has been required to retain the services of counsel to assist him in the preparation and prosecution of this action and has retained the law firm Runft Law Offices, PLLC, and has agreed to pay said attorneys a reasonable fee.  The sum of $20,000.00 is a reasonable attorney fee should default judgment be entered in this matter.  Plaintiff is entitled to recover his reasonable costs and attorney's fees pursuant to 42 USC § 1988, and under Idaho Code § 12- 121 and § 12-123, or other applicable law.

WHEREFORE, Plaintiff prays that the Court enter:

1.     An Order finding and declaring that the participation of Justice Eismann, as Chief Justice of the Idaho Supreme Court and as Chairman and presiding officer of the Idaho Judicial Council, in the adjudication of this matter before the Idaho Supreme Court inherently creates a conflict and/or bias, exclusive of any claim of subjective or actual bias, in violation of the objective constitutional standards of due process under the Fifth and Fourteenth Amendments of the United States Constitution that Judge Bradbury is entitled to rely on.

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 22

2.      An Order finding declaring that, as a result of the participation of Justice Eismann in considering, conferencing, and adjudicating motions in this matter with the other Defendants as members of the Idaho Supreme Court on the Panel assigned to adjudicate this matter, Defendants have been inherently implicated in the conflict and/or bias, exclusive of any claim of subjective or actual bias, arising from the participation of Justice Eismann, as Chief Justice of the Idaho Supreme Court and as Chairman and presiding officer of the Idaho Judicial Council, in the adjudication of this matter before the Idaho Supreme Court, in violation of the objective constitutional standards of due process under the Fifth and Fourteenth Amendments of the United States Constitution that Judge Bradbury is entitled to rely on.

3.      An Order finding and declaring that as a matter of due process Judge Bradbury is entitled to disclosure of the witnesses, charging facts including the facts and standards relied on by the Judicial Council to determine "actual" residence," and related documents necessary to enable Judge Bradbury to mount a defense to the charges against him, including, specifically, the documents requested in his Request For Production of Documents served on the Judicial Council on September 2, 2008.

4.      An Order finding and declaring that Idaho Code § 1-809 is unconstitutionally vague on its face in that it fails to sufficiently define the term "actually reside" so as to enable a reasonable person to ascertain the

criteria necessary to constitute actual residence in order to comply with said statute.

5.      In the alternative to 4 above, an Order finding and declaring that Idaho Code § 1-809 is unconstitutionally vague as applied by the Judicial Council as a result of the Judicial Council's failure and refusal to sufficiently define the facts and standards relied on by the Judicial Council to determine what constitutes "actual" residence," in terms of frequency, duration or in any other cognitive terms sufficient to enable a reasonable person to ascertain the criteria necessary to constitute actual residence in order to comply with said statute.

6.      An Order temporarily restraining Defendants from adjudicating the merits of the issue of whether Judge Bradbury "actually resides" in Idaho County pursuant to Idaho Code § 1-809 solely on the "existing public record," until this Court can hear Plaintiff's Motion for a Preliminary Injunction.

7.      A preliminary injunction and a permanent injunction, preventing Defendants from adjudicating the merits of the issue of whether Judge Bradbury "actually resides" in Idaho County pursuant to Idaho Code § 1-809, on the grounds of the alleged inherent conflict or bias, exclusive of subjective or actual bias in violation of the objective constitutional standards of due process under the Fifth and Fourteenth Amendments of the United States Constitution that Judge Bradbury is entitled to rely on.

8.      A preliminary injunction and a permanent injunction, preventing Defendants from adjudicating the merits of the issue of whether Judge

Bradbury "actually resides" in Idaho County pursuant to Idaho Code § 1-809, until such time as Judge Bradbury is afforded disclosure of the witnesses, charging facts including the facts and standards relied on by the Judicial Council to determine "actual" residence," and related documents necessary to enable Judge Bradbury to mount a defense to the charges against him, including, specifically, the documents requested in his Request For Production of Documents served on the Judicial Council on September 2, 2008.

9.      A Preliminary Injunction preventing Defendants from adjudicating the merits of the issue of whether Judge Bradbury "actually resides" in Idaho County pursuant to Idaho Code § 1-809 solely on the "existing public record" until the issue of the unconstitutional vagueness of said statute can be determined by this Court.

10.     A Permanent Injunction based on this Court's declaration that Idaho Code § 1-809 is unconstitutionally vague on its face with regard to its "actual" residence requirement, or, in the alternative, that Idaho Code § 1-809 is unconstitutionally vague as applied to Judge Bradbury by the Judicial Council with regard to the statutes' "actual" residence requirement.

11.     For costs and attorney fees pursuant to 42 USC § 1988 and under Idaho Code § 12- 121 and § 12-123, or other applicable law.

12.     For such other and further relief as the Court may deem just and proper.

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, Page 25

DATED this 17th day of July 2009.

RUNFT & STEELE LAW OFFICES, PLLC


By: ____/s/ John L. Runft_____
        JOHN L. RUNFT
        Attorney for the Plaintiff


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, that the issues properly triable by a jury be tried before a jury.  Plaintiff will not stipulate to a trial of less than twelve (12) jurors.

DATED this 17th day of July 2009.

RUNFT & STEELE LAW OFFICES, PLLC


By: ____/s/ John L. Runft_____
        JOHN L. RUNFT
        Attorney for the Plaintiff

## VERIFICATION

STATE OF IDAHO    )
                      :ss
County of _____   )

      John H. Bradbury after being first duly sworn, deposes and says as follows:

      That he is the Plaintiff in the foregoing VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND FOR DECLARATORY JUDGMENT, that he has read this COMPLAINT and believes the facts stated therein are true based upon his own information and belief.

      IN WITNESS WHEREOF, Plaintiff has set his hand and seal the day and year first above written

.

                         /s/_____
                         John H. Bradbury

      SUBSCRIBED AND SWORN to before me this _____ day of July, 2009.

                         _____
                         Notary Public for Idaho
                         Residing at:_____
                         Commission expires_____