IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HON. JOHN H. BRADBURY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHIEF JUSTICE DANIEL T. EISMANN, et al.,<br><br>　　　　Defendants. | Case No. CV-09-352-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Expedite Hearing (Docket No. 24). On July 21, 2009, this Court held an emergency hearing on Plaintiff's Motion for Temporary Restraining Order ("TRO") (Docket No. 4). Plaintiff sought a TRO preventing the Justices of the Idaho Supreme Court from conducting a hearing and addressing the charges filed against Judge Bradbury by the Idaho Judicial Council. At the conclusion of the hearing, the Court denied the motion.

Defendants then filed a motion to dismiss, and Plaintiff filed a motion to stay the motion to dismiss. The Court scheduled the motions for oral argument on September 29, 2009. Plaintiff now seeks an expedited hearing on the motions.

## ANALYSIS

**Memorandum Decision and Order - 1**

"All requests to . . . reschedule motion hearing dates must . . . state the specific reason(s) . . . [and] will be granted only upon a showing of good cause." Local Rule 6.1(a).  Plaintiff contends that if the hearing is not expedited, his remedies under 42 U.S.C. § 1983 will be placed in jeopardy of being jurisdictionally altered or terminated by a decision from the Idaho Supreme Court in his pending disciplinary case.  Judge Bradbury's argument in based on a contention that the median disposition time between oral argument and a final decision from the Idaho Supreme Court is 56 days.  As of Monday, September 7, 47 days will have passed since oral argument in his case.  By September 29, the scheduled hearing date for the pending motions in this case, 69 days will have passed, exceeding the median disposition time.

Nevertheless, at the heart of Plaintiff's request for an expedited hearing is another request for injunctive relief from this Court.  Essentially, Plaintiff wants this Court to enjoin the Idaho Supreme Court from issuing a decision until after this Court decides the pending motions.  However, at this point, nothing has changed to improve  Plaintiff's position since Plaintiff's last request for injunctive relief.  As discussed at oral argument on Plaintiff's initial request for a TRO, the United States Supreme Court recently articulated the standard for a preliminary injunction as follows: "A plaintiff seeking a preliminary injunction must establish

**Memorandum Decision and Order - 2**

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.* A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.*

Plaintiff's contention that this Court may lose jurisdiction if it does not act swiftly does not change the Court's earlier determination that Plaintiff is not likely to succeed on the merits of the case. As explained at the earlier hearing, this case concerns a formal charge filed by the Idaho Judicial Council against Judge Bradbury. That formal charge essentially accuses Judge Bradbury of not "actually residing" in Idaho County as required by Idaho Code. Judge Bradbury requested injunctive and declaratory relief against the Justices of the Idaho Supreme Court in their individual capacities.

Judge Bradbury contends that Justice Eismann's dual role as Chief Justice of the Idaho Supreme Court and as Chairman of the Idaho Judicial Council creates an

**Memorandum Decision and Order - 3**

inherent bias. In turn, Judge Bradbury contends that each of the Justices of the Idaho Supreme Court, as well as the Justice sitting by designation in his case, are biased. Judge Bradbury therefore suggests that his due process rights will be violated if the Justices conduct a hearing and issue a ruling on the formal charge filed by the Idaho Judicial Council.[1]

The Supreme Court recently stated that "the Due Process Clause has been implemented by objective standards that do not require proof of actual bias." *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S.Ct. 2252, 2263 (2009). The question of bias, as stated by the Supreme Court, is "whether, under a realistic appraisal of psychological tendencies and human weakness, the interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Id.* As explained by the Court in oral argument on Plaintiff's initial TRO, that is not the case here.

As the Court earlier noted, according to affidavit, Justice Eismann was not present at the December 2008 Judicial Council hearing on the formal charges against Judge Bradbury. (Justice Eismann Affidavit, ¶ 5). Likewise, Justice Eismann did not take part in the Council's decision and recommendation to the

---

[1] Apparently Justice Eismann has since recused himself from Judge Bradbury's case, which likely weakens Judge Bradbury's case if anything.

**Memorandum Decision and Order - 4**

Idaho Supreme Court that Judge Bradbury be suspended. (Justice Eismann Affidavit, ¶ 6). Justice Eismann also indicated in his affidavit that he was not involved with Judge Bradbury's case before the Judicial Council in any respect. (Justice Eismann Affidavit, ¶ 4). Finally, Justice Eismann was not a voting member and did not make decisions with respect to Judge Bradbury's case. (Justice Eismann Affidavit, ¶ 2).

Therefore, the evidence before the Court suggests a lack of involvement by Justice Eismann in Judge Bradbury's case before it reached the Idaho Supreme Court. In turn, the evidence suggests that a Justice in the position of Justice Eismann or the other Justices on the Idaho Supreme Court would be neutral in Judge Bradbury's case, and there is no unconstitutional potential for bias. This Court therefore concluded that Judge Bradbury had not met his burden of showing that he was likely to succeed on the merits, that he was likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tipped in his favor, or that an injunction was in the public interest. W*inter*, 129 S.Ct. at 374. Accordingly, the Court denied the request for TRO.

An assertion that this Court may lose jurisdiction in this matter if it does not expedite the scheduled hearing date for the pending motions does not change anything. Accordingly, Plaintiff has not met his burden of showing good cause,

**Memorandum Decision and Order - 5**

and the Court will deny the motion for expedited hearing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Expedite Hearing (Docket No. 24) shall be, and the same is hereby DENIED.



DATED: **September 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 6**